UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PUGET BIOVENTURES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:10-cv-00463-JD-MGG |
| ) | |
| DEPUY ORTHOPAEDICS, INC. ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On March 16, 2017, Plaintiff Puget BioVentures filed its Motion to Lift Stay, entered in this case in December of 2010. Defendant DePuy Orthopaedics, Inc. ("DePuy") timely filed its response on April 3, 2017. This motion became ripe for ruling when Plaintiff filed its reply brief on April 12, 2017.

**I.    RELEVANT BACKGROUND**

Through its complaint, filed in the Northern District of Illinois on April 5, 2010, Plaintiff alleges that DePuy infringed its patent, U.S. Patent No. 7,344,541 ("'541 patent").[1] In July of 2010, Plaintiff filed a separate complaint against Biomet Orthopaedics, LLC ("Biomet") in the Northern District of Illinois alleging infringement of the same '541 patent. On November 4, 2010, both cases were transferred to this Court. In October of 2010, before the November transfer, Biomet filed a petition for *inter partes* reexamination ("IPR") of the '541 patent with the Patent and Trademark Office ("PTO").[2] Since then, the stay has been extended by agreement on multiple

---

[1] Hudson Surgical Design, Inc. ("Hudson") filed the complaint as the original plaintiff in 2010. However, on January 15, 2013, Hudson assigned the patent in question to Puget BioVentures, LLC. Puget BioVentures moved to substitute itself as the plaintiff in this case and the Court granted the motion on February 2, 2017. [DE 104]. Therefore, "Plaintiff" will be used to refer to both Hudson Surgical Design, Inc. and Puget BioVentures, LLC throughout this Opinion and Order.

[2] In 2011, *inter partes* reexamination was replaced with a revised process called *inter partes* review designed to propel challenges to the validity of patents forward much more efficiently. *See* 35 U.S.C. § 321.

occasions throughout a protracted IPR process that has yet to conclude. Until now, the parties had agreed that the case should be stayed until the conclusion of the IPR process. However, the IPR process has been lengthier than either party anticipated at the time the stay was imposed.

After Biomet filed its IPR petition, the PTO Examiner rejected all of the claims in the '541 patent in the first Office Action in the IPR process. In response to the rejections, Plaintiff filed amendments to claims 1, 5, 6, 9, 10, 21-26, 35-38, and 49-52, rather than filling an immediate appeal.[3] Furthermore, Plaintiff rewrote the remaining claims from dependent claims into independent claims. Despite Plaintiff's amendments and rewrites, the Examiner again rejected all of the claims. The Examiner then closed prosecution of the patent, to which Plaintiff responded with further amendments of the '541 patent's claims on September 29, 2011. The Examiner filed a Right of Appeal Notice indicating the amendments made after the close of prosecution were not entered in the patent.

Plaintiff then appealed to the Patent Trial and Appeal Board ("the Board"), which reversed the Examiner's findings in part. Specifically, the Board reversed the Examiner's decision to reject each of the unamended claims. However, the Board affirmed the Examiner's decision to reject each of the amended claims. Plaintiff then filed a request for rehearing, which the Board granted. Upon rehearing, the Board maintained its decision to reverse the Examiner's rejection of the unamended claims, but also decided to reverse the Examiner's rejection of the amended claims. Of particular note, the Board reversed the Examiner's decision to reject amended claims 31 and 45, which remain at issue in this litigation.

---

[3] Upon the Examiner's closing of prosecution, Plaintiff had the ability to appeal the decision to the Board, or amend the claims and reopen prosecution of the patent with the Examiner. *See Biomet Orthopedics, LLC v. Puget BioVentures, LLC*, 640 F. App'x 868 (Fed. Cir. 2016).

2

Biomet then appealed to the Court of Appeals for the Federal Circuit and sought to have the Board's decision regarding both the amended and unamended claims reversed. However, Plaintiff's '541 patent expired on December 24, 2015, before the Court of Appeals came to its decision. Consequently, the Court of Appeals vacated the Board's decision regarding the amended claims because "the PTO does not enter amendments made in IPR after the expiration of the patent." *Biomet Orthopaedics, LLC v. Puget Bioventures, LLC*, 640 F. App'x 868, 870 (Fed. Cir. 2016). The Court further held that the expiration of the patent prevented the amendments from issuing, as amendments cannot issue until the certificate issues, which cannot happen after a patent expires. *Id.* The Court declined to consider the original form of the amended claims because the Board had not considered the original forms. Lastly, the Court of Appeals upheld the Board's confirmation of the unamended claims, and remanded the case to the Board for further consideration of what the appropriate action was in this unusual set of facts. *Id.*

Upon remand, the Board remanded the case to the Examiner for further consideration in light of the Court of Appeals decision. Plaintiff then filed an amendment that cancelled all of the prior amendments to the claims, including amendments to claims 31 and 45. This new amendment reverted each of the prior amended claims to their original forms that had all been previously denied by the Examiner. Biomet opposed this amendment, but the Examiner entered it and the amended claims reverted back to their unamended forms. The Examiner then confirmed the patentability of each of the now-unamended claims on March 3, 2017. The Examiner closed prosecution and the next Office Action will be a Right of Appeal Notice, which will give Biomet an opportunity to further appeal the case to the Board and possibly to the Federal Circuit. The parties agree that appeals may not be exhausted for as long as three more years.

Based on the original Plaintiff's assignment of the '541 patent, the Court substituted Puget BioVentures, LLC as the plaintiff February 1, 2017. [DE 104]. Upon the party substitution, new counsel began prosecuting this action on behalf of Plaintiff. On March 16, 2017, Plaintiff and DePuy filed a status report stating that the parties no longer agreed on continuing the stay following the Office Action on March 3, 2017. Accordingly, Plaintiff filed this motion to lift the almost seven-year-old stay in this case and the instant Motion to Lift Stay. DePuy opposes this motion, and this Court faces the issue of whether to continue the stay pending the appeal(s) Biomet will likely file, or to lift the stay and move this case forward.

## II. LEGAL STANDARD

This Court has "the inherent power to manage its own docket and may use its authority to stay proceedings pending conclusion of a PTO re-examination of a patent." *Lippert Components Mfg. v. Al-Ko Kober, LLC*, No. 3:13-cv-697-JVB-CAN, 2014 WL 8807329, at *2 (N.D. Ind. Jan. 16, 2014). However, a stay should not "be indefinite or otherwise excessive." *Lincoln Int'l Life Ins. Co. v. Transamerica Fin. Life. Ins. Co.*, No. 1:08-cv-135-JVB-RBC, 2009 WL 1108822, at *2 (N.D. Ind. Apr. 24, 2009). Indeed, Fed. R. Civ. P. 1 requires the parties and the Court "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Courts typically consider four factor when deciding whether to maintain a stay pending an IPR. *Lippert*, 2014 WL 8807329, at *2; *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1035 (N.D. Cal. 2013). The party seeking to maintain the stay has the burden of proof to show whether the stay will: (1) unduly prejudice or tactically disadvantage the party opposing the stay; (2) simplify the issues in the litigation and streamline trial; and (3) "reduce the burden of litigation on parties and the court;" and (4) whether the totality of the circumstances and

4

the "interests of justice" favor a stay. *Lippert*, 2014 WL 8807329, at *2; *Universal Elecs.*, 943 F. Supp.2d at 1035. The factor that holds the most weight in this analysis is the first factor of undue prejudice on the party opposing the stay. *Lippert*, 2014 WL 8807329, at *2.

### III. ANALYSIS

As stated above, a decision on whether to lift the stay and allow this case to proceed or to continue the stay until the IPR is finalized requires an analysis of the four aforementioned factors. The Court will examine each of the factors in turn.

#### A. Undue Prejudice to Plaintiff

The first and most important factor addressed in deciding whether to continue or lift a stay is whether the plaintiff will face undue prejudice if the stay is maintained. Here, Plaintiff argues that the length of time the IPR process has lasted combined with the three years that Biomet's appeal of the Examiner's decision is likely to take constitutes undue prejudice. It contends that, as the patent owner, it has a great interest in the timely enforcement of its patent rights and this delay in enforcing those rights will unduly prejudice it. Plaintiff also asserts that the IPR process and this litigation have further prejudiced it by preventing it from further licensing the '541 patent as well as its broader portfolio of patents. Plaintiff supports this argument with the assertion that its status as a non-practicing entity does not affect the prejudice factor. Plaintiff also argues that the age of this case, along with any further delay, creates an evidentiary prejudice. It states that the device in question was invented in the 1990's and that the memories of individuals involved in the invention's creation may further decay in the next three years. Plaintiff states that further delay in the litigation could also result in the decay or loss of documentary evidence.

Additionally, Plaintiff argues that DePuy cannot show that Plaintiff will not be unduly prejudiced or that Plaintiff will not be tactically disadvantaged if the stay were to be maintained.

5

Plaintiff further asserts that DePuy cannot demonstrate that DePuy will be unduly prejudiced by this case moving forward.

DePuy counters Plaintiff's argument that the lengthy delay will unduly prejudice it by asserting that even a lengthy delay in litigation does not constitute undue prejudice on its own. In support, DePuy cites *USCO S.p.A v. ValuePart, Inc.*, No. 2:14-cv-02590, 2015 WL 4601192, at *5 (W.D. Tenn. July 29, 2015), *Robert Bosch Healthcare Sys., Inc. v. Express MD Sols., LLC*, No. C 12-00068 JSW, 2013 WL 752474, at *3 (N.D. Cal. Feb. 27, 2013), *SMT Sols., Inc. v. ExpoEvent Supply LLC*, No. 11-6225, 2012 WL 3526830, at *3 (D.N.J. Aug. 15, 2012), and *Tse v. Apple, Inc.*, No. C 06-06573, 2010 WL 1838691, at *5 (N.D. Cal. May 5, 2010). DePuy further argues that because Plaintiff's patent expired in 2015, it cannot be further prejudiced by a delay because it can no longer license the expired patent and its window for damages closed with the expiration of the patent. DePuy also asserts that Plaintiff has failed to state with sufficient specificity what evidence will decay and result in prejudice to Plaintiff.

Plaintiff responds by to DePuy's assertions by distinguishing the cases cited by DePuy from the case at bar, as those cases had been stayed for a far shorter time period. Accordingly, Plaintiff argues that this case stands apart from those cases and the delay alone should constitute undue prejudice towards it.

Plaintiff's argument that the seven-year delay in this case is not enough on its own to constitute undue prejudice is persuasive. None of the cases cited by DePuy to support its position match the circumstances presented by this case. In those cases, the IPR process was just beginning or litigation had just begun. For example, in *USCO S.p.A*, litigation had begun only one year prior to the motion to stay the case. In *Robert Bosch*, the litigation had begun a little more than a year

6

before the motion to stay the case pending IPR was filed. Here, the IPR process began almost seven years ago and this litigation is now over seven years old.

While it may have been the case that delay in itself was not undue prejudice had this motion occurred in the first two or three years of the IPR process, it is undue prejudice here to continue the stay in this case. It is unduly prejudicial to Plaintiff to require it to wait more than ten years to have its day in Court. Further delay will also prejudice Plaintiff in any possible recovery of damages it seeks in this case. Requiring Plaintiff to wait over ten years to possibly go to trial would be in violation of this Court's Rule 1 obligations. The parties acknowledge that it may take three years to resolve Biomet's IPR process, and considering the seven years this case has already been stayed, constitute a stay of three additional years would undue prejudice to the Plaintiff.

Moreover, Plaintiffs arguments that it will suffer evidentiary prejudice as well as a delay in its damages further bolster the Court's decision that Plaintiff will be unduly prejudiced if the stay were to be maintained. While DePuy is correct in its contention that Plaintiff's damages period closed when the patent expired in 2015, Plaintiff will still be prejudiced if it is further delayed in collecting the damages that had already accrued. Furthermore, given the age of this case and the patent, it is possible that evidence may be lost or forgotten in the three years it may take Biomet to exhaust its appeals.

However, the Court notes that it is not holding that delay in litigation alone is undue prejudice, it is only holding that under these facts, an additional delay in the litigation unduly prejudices Plaintiff. Therefore, this first, and most heavily weighted factor, weighs in favor of lifting the stay.

B.     **Simplification of Issues**

The question remains, however, as to whether maintaining the stay will further simplify the issues and streamline any future trial. First, Plaintiff asserts that the Examiner's most recent Office Action confirming the patentability of claims 31 and 45, the only two claims at issue in this litigation, has sufficiently narrowed the issues to streamline any future trial. Second, Plaintiff argues that those two claims cannot be further simplified despite the appeals that Biomet can still file. Third, Plaintiff relies on the presumption of validity of the claims that were confirmed in the most recent Office Action to argue that the validity of the claims is no longer in doubt. In support, Plaintiff cites to *Lippert*, and *Network-1Sec. Sols. v. Alcatel-Lucent USA, Inc.*, No. 6:11cv492, 2015 WL 11439060, at *17-18. There was a presumption of validity of the claims following IPR in both of these patent infringement cases. Therefore, Plaintiff concludes that the relevant claims are presumptively patentable and cannot be further simplified.

In contrast, however, DePuy argues that maintaining the stay can still further simplify the issues for trial or eliminate this case entirely. DePuy argues that both claims 31 and 45 could be rejected during the appeal process by the Board or the Federal Circuit on procedural grounds. Specifically, DePuy explains that the Examiner's most recent confirmation of Plaintiff's amendment retracting all prior amendments to the patent claims could be invalidated because they were entered after the '541 patent expired. In support, DePuy cites *Biomet*, which applied the general rule that the "PTO does not enter amendments made in *inter partes* reexamination after the expiration of the patent." *Biomet*, 640 F. App'x at 870. Accordingly, DePuy argues that invalidation of the amendment on such procedural grounds would bar the claims from issuing without addressing them substantively.

8

DePuy further argues that Plaintiff's assertion that the claims' validity can no longer be questioned has no basis, and asserts that the validity of the claims is still speculative. It argues that the two remaining claims could be further simplified or invalidated at any point during the appeal process Biomet has yet to initiate.[4] DePuy also argues that the case law cited by Plaintiff is inapposite, as the stays in both cases were decided at different points in the IPR process than this case.

Despite Plaintiff's argument to the contrary, the IPR appeal could simplify the issues in this case as to the two remaining claims potentially at issue. For instance, the appeal process could eliminate the two remaining claims if they are invalidated on appeal, regardless of the presumption of validity. Therefore, the second factor of simplifying the issues weighs in favor of continuing the stay.

### C. Burden of Litigation

In addressing the burden of litigation on the parties and the Court, Plaintiff argues that this Court is well-suited to resolve this case within the three-year time period it is likely to take Biomet to exhaust its appeals. In support, Plaintiff points to *Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 2:12-cv-02319-TLN-EFB, 2016 U.S. Dist. LEXIS 129070, at *6 (E.D. Cal. Sept. 20, 2016), where the court found this factor to be neutral because

> important events such as discovery deadlines, submitting of motions, hearings, trial etc., cannot occur. In contrast, lifting the stay allows the action to advance, and should a decision be rendered by the PTAB appropriate adjustment could then be made. Thus, while the case is still in its infancy, the Court finds this factor to be neutral.

---

[4] It is unknown at this time when Biomet will file its appeal or if it plans to do so. If Biomet declines to file an appeal in the IPR process, the stay on this case becomes moot.

*Id*. at *6-7. With this litigation is still in its early stages, despite being over seven years old, Plaintiff asserts that lifting the stay would allow it to move through the pretrial process in an efficient manner due to the local patent rules.

However, DePuy argues that maintaining the stay will reduce the burden on the parties because only minimal fact discovery has occurred to date and the parties will incur the costs of extensive discovery and further litigation if the stay is lifted. DePuy also notes that litigation of claims that may be cancelled through Biomet's ongoing appeal of the IPR process may burden this Court, which would be forced to consider issues that might be eliminated on appeal.

In response, Plaintiff asserts that DePuy has failed to show any fact or circumstance that makes this case unusually burdensome. Plaintiff argues that nothing in this one-patent case with two remaining issues will be overly burdensome for the Court or parties if the stay were lifted.

Yet, neither party has stated with sufficient specificity what burdens they and the Court will face if the stay is lifted. Plaintiff only asserts that this Court can resolve the case before the appeal process is statistically likely to end and nothing would be overly burdensome if litigation would proceed immediately. DePuy, on the other hand, correctly notes that litigation would impose costs, without specifying what those costs might be. While DePuy has stated that only minimal fact discovery has taken place, it has not given the Court a sense of the extent of discovery still required after the IPR. Moreover, nothing precludes a future stay should this case reach a dispositive or excessively expensive stage of litigation before the IPR appeal is resolved. As such, the burdens of proceeding so as to minimize time spent preparing for claim construction or dispositive motions, if necessary once the IPR appeal concludes, can be controlled.

Therefore, both parties' points are well-taken. Indeed, lifting the stay could help resolve this case either before Biomet's IPR appeal concludes or as quickly as possible thereafter.

However, some unnecessary costs could be incurred if the stay is lifted and Biomet's IPR appeal moots this case. Accordingly, the burdens on the parties and the Court favor neither lifting nor maintaining the stay.

### D. The Interests of Justice

The last factor to be analyzed is whether the totality of the circumstances and the interests of justice favor continuing the stay. In this aging case still in its early stages, the totality of the circumstances and interests of justice favor lifting the stay.

Plaintiff argues that the age of this case and the looming three-year IPR appeal process interferes with the parties' and the Court's obligation to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Plaintiff contends that its day in court has been delayed for too long and it is time for this case to move forward.

Not surprisingly, however, DePuy contends that the totality of the circumstances and the interests of justice clearly favor maintaining the stay. In support, DePuy suggests that the expiration of the patent and the parties' prior agreements to maintain the stay show that the interests of justice favor continuing the stay. DePuy also asserts that the interests of justice do not favor allowing the parties to "rush into litigation" that may ultimately be unnecessary. [DE 112 at 23]. DePuy is not persuasive.

Plaintiff has agreed to delay this litigation for more than six years during the IPR process, which may not end for another three years. Moreover, resolution of this litigation after the IPR concludes would require additional time effectively delaying Plaintiff's day in this Court for more than ten years. Therefore, lifting the stay is not inviting the parties to "rush into litigation." *Id*. Moreover, the parties have actually been engaged in this litigation for seven years, despite it being stayed. In addition, Plaintiff has concurrently engaged in the IPR process during these past seven

years while DePuy has awaited the outcome. Taken as a whole, all of these circumstances show that extending the stay for another three or more years just does not comport with Rule 1's requirements for a "just, speedy, and inexpensive determination," especially when the Court retains discretion to control the pace of litigation, even with another stay, should unanticipated situations arise. Accordingly, the totality of the circumstances and the interests of justice favor lifting the stay.

Taking all four factors into consideration, DePuy has not met its burden to show that extending the stay in this case pending completion of the IPR appeal process is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff Puget BioVenture's motion to lift the stay on this case. [DE 107]. The Court **ORDERS** the parties to meet and confer in order to file a proposed Discovery Plan under Fed. R. Civ. P. 26(f) no later than **August 28, 2017**. Counsel are directed to the Court's website for a suitable form of report and discovery plan **9"Report of the Parties Planning Meeting"**). Upon receipt of the discovery plan, the Court will set a date for a Fed. R. Civ. P. 16(b) Preliminary Pretrial Conference at which the topics listed in Rule 16(b) and (c) will be addressed. Failure to timely file the proposed discovery plan may result in the imposition of sanctions in accordance with Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated this 14th day of August 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
